UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS P. O'CONNOR,

      Plaintiff,                                             Case No. 2:19-cv-00218

v.                                                            Honorable. Paul L. Maloney

LEE CHATFIELD, et al.,

      Defendants.
_____/

## OPINION

Plaintiff Thomas P. O'Connor, acting pro se, filed this 42 U.S.C. § 1983 lawsuit against Defendants State of Michigan Representative Lee Chatfield, Chippewa County, Chippewa County Treasurer Marjorie Hank, Chippewa County Prosecuting Attorney Robert L. Stratton, Luce County Public Administrator James W. Robinson, Title-Check, LLC Attorney Lucas Middleton, Title-Check, LCC principle Marty Spaulding, Judge James P. Lambros, Chief Justice of the Michigan Supreme Court Bridget Mary McCormack, Michigan Supreme Court Justice Stephen J. Markman, Michigan Supreme Court Justice Brian K. Zahra, Michigan Supreme Court Justice David F. Vivian, Michigan Supreme Court Justice Richard Bernstein, Michigan Supreme Court Justice Elizabeth T. Clement, Michigan Supreme Court Justice Megan K. Cavanagh, and unknown staff members who work for Chippewa County Treasurer Marjorie Hank. Plaintiff's motion for leave to proceed in forma pauperis was granted on October 28, 2019. (ECF No. 5.)

Plaintiff alleges that this matter was previously litigated in the state courts of Michigan. Plaintiff states that his injuries were "caused by the previous courts, collusion, fraud, and errors in interpretation leading to indentured servitude, denial of life, and rights to liberty." (ECF No. 1, PageID.6.) Plaintiff asks "[t]o immediately stay the unlawful Tax Auction set to occur by November 1, 2019 until all rights of the Plaintiff can be heard by this court or until exhausted by the nation's Supreme Court." (*Id.*)

Plaintiff claims that Defendants are involved in a scheme to defraud property owners of their property for their own personal benefit and/or the benefit of municipalities in the State of Michigan. Plaintiff alleges that because the State of Michigan authorizes counties to take the full value of the property regardless of the tax liability owed, the State created financial incentives for Defendants to foreclose and sell valuable properties rather than to help property owners avoid foreclosure. (ECF No. 1, PageID.8.)

Plaintiff owns property that consists of several lots in Chippewa County Michigan. Plaintiff failed to pay the taxes on some of his lots and the County of Chippewa began foreclosure proceedings to recover the unpaid taxes on two of the lots. Plaintiff asserts that his failure to pay taxes was an oversight due to a simple error. Plaintiff states that the fraudulent activities of each Defendant in furtherance of a conspiracy caused him to be misinformed about the foreclosure redemption period and violated his rights under the United States Constitution, federal laws, and common law.

Plaintiff alleges an unlawful taking of his property. Plaintiff asserts that each Defendant conspired to violate the Michigan General Property Tax Act, Mich. Comp. Laws § 211.1 *et seq*, to gain a windfall that will benefit the County. Plaintiff asserts that his property is worth in excess of $200,000, which is well above the property tax liability amount, and that the County intends to take all the proceeds from the tax sale.

Plaintiff alleges that through deceit and fraud, the County Treasurer's Office changed the tax notification address for lots 49 and 50 based upon an anonymous phone call from a mentally ill diagnosed individual. (ECF No. 1, PageID.7.) Plaintiff asserts that Title-Check, LLC failed to properly send notifications. (*Id.*) Plaintiff learned of the improper name change and telephoned the County Treasurer's Office on January 29. On that date, he was assured that he was not in jeopardy of losing his property and was told that the foreclosure proceeding was in the early stage. (*Id.*) Plaintiff alleges that this was an effort to hide the truth that the foreclosure proceeding was actually in the final stages. (*Id.*) Plaintiff argues that Treasurer Hank and Title-Check, LLC colluded by telling Plaintiff to pay the tax bill in April, knowing that the foreclosure proceeding was in the final stages and that Plaintiff had the means to pay the tax bill at that time. Plaintiff asserts that the auctioneer failed to provide him with notification of the auction. (*Id.*)

The collusion continued in the Michigan courts with a "February cause hearing and subsequent tax foreclosure." (*Id.* at PageID.7.) The Chippewa County Court entered a judgment of foreclosure on March 29, 2017, to collect the deficiency, plus

interest, penalties, and fees. (*Id.* at PageID.10.)  Plaintiff alleges that the Court was misled regarding his notification of the tax liability.  Plaintiff asserts that the tax foreclosure sale was successfully delayed by a stay order entered by the Michigan Supreme Court. (*Id.* at PageID.10.)

However, Plaintiff claims that the Michigan Supreme Court allowed the corruption to continue without hearing his pro se presentation. (*Id.* at PageID.8.) Plaintiff asserts that he never received proper notice of the February show cause hearing or the March 31 redemption deadline for his foreclosed property. (*Id.* at PageID.11.) Plaintiff claims that notices were sent to an improper address and that he did not receive actual notice of the foreclosure until April 8, after the redemption period had expired. (*Id.* at PageID.11.) Plaintiff's request to set aside the foreclosure was denied in the state courts and by each Michigan Supreme Court justice despite his action of personally reaching out to each Michigan Supreme Court justice in an attempt to point out the illegal actions. (*Id.*) Plaintiff believes that this proves collusion from the highest members of the judiciary. (*Id.*) Plaintiff claims that Defendants including "members of the bar and judiciary in the appellate with clear collusion attempt to gain a [greater than] $200,000.00 profit while decreasing the net value" of his remaining contiguous lots. (*Id.* at PageID.8.)

Plaintiff brings claims under the Fifth Amendment for an unlawful taking without just compensation, under the Eighth Amendment for excessive fines, and under the Fourteenth Amendment for a violation of his due process rights. In

addition, Plaintiff raises state law claims under the Michigan Constitution and for unjust enrichment.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that

5

the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff names a judge and serval Justices of the Michigan Supreme Court as Defendants. Defendants include Chippewa Circuit Court Judge Lambros, and Michigan Supreme Court Chief Justice McCormack and Justices Markman, Zahra, Vivian, Bernstein, Clement, and Cavanagh. Plaintiff argues that each of the members of the judiciary are part of the conspiracy to wrongfully take his property to gain an improper financial windfall.

Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

6

Plaintiff's allegations fail to implicate either of the exceptions to judicial immunity. The state court judge and the Michigan Supreme Court Justices were acting judicially in making rulings on the foreclosure action and were acting within their jurisdiction in doing so. Moreover, injunctive relief is also not available under § 1983, because, under the 1996 amendments to that statute, injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, his claim for injunctive relief is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). Accordingly, Judge Lambros, Michigan Supreme Court Chief Justice McCormack, and Justices Markman, Zahra, Vivian, Bernstein, Clement, and Cavanagh are immune from suit.

Plaintiff also sues Chippewa County Prosecutor Robert L. Stratton who allegedly was involved in the conspiracy. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*,

7

330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). Plaintiff has failed to explain how Defendant Stratton was involved in the alleged conspiracy. Accordingly, Defendant Stratton is entitled to immunity.

Plaintiff also names Representative Lee Chatfield as a conspirator but fails to assert any factual allegations in support of his claim. State legislatures are entitled to absolute immunity under § 1983 for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). Plaintiff has failed to explain how Defendant Chatfield is involved in the alleged conspiracy. Accordingly, Defendant Chatfield is entitled to absolute immunity.

It is a basic pleading essential that a plaintiff assert factual allegations against each named defendant. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or

8

responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.") Plaintiff fails to mention Defendants Luce County Public Administrator Robinson and Title-Check, LLC Attorney Lucas Middleton in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, Defendants Robinson and Middleton are entitled to dismissal from this action.

As to the remaining Defendants, Plaintiff asserts state law and federal claims involving the foreclosure proceeding. Plaintiff argues that provisions under the Michigan General Property Tax Act are unconstitutional. More specifically, Plaintiff has asserted that he failed to receive notice of his property tax liability and of the foreclosure action. In addition, Plaintiff alleges that the foreclosure proceeding is an unlawful taking because the value of the foreclosed property exceeds the tax liability owed and Chippewa County will not refund the difference.

This Court must address concerns regarding subject matter jurisdiction. The Sixth Circuit in *Wayside Church v. Van Buren County*, 847 F.3d 812 (6th Cir. 2017), held that where the State of Michigan provided an adequate remedy to contest

9

property tax disputes, the lower federal courts lack subject matter jurisdiction to hear constitutional challenges such as a Fifth Amendment Takings Clause claim under the General Property Tax Act. The Sixth Circuit, in reliance on *Williamson Cty Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), remanded *Wayside Church* with instructions to dismiss without prejudice for lack of subject matter jurisdiction because the issues presented were not ripe for review in federal court.[1]

After the Sixth Circuit's decision and remand in *Wayside Church*, the Michigan Court of Appeals decided *Rafaeli, LLC v. Oakland County*, No. 330696, 2017 WL 4803570 (Mich. App., Oct. 24, 2017) affirming a lower court decision which held that the General Property Tax Act did not cause unconstitutional takings by authorizing municipalities to retain property sale proceeds that exceed the amount of delinquent taxes owed. The Michigan Court of Appeals relied on the decision in *Bennis v. Michigan*, 516 U.S. 442 (1996) and concluded that no taking had occurred under the General Property Tax Act. The Court held that retaining proceeds in excess of the taxes owned is analogous to the forfeiture of property under criminal forfeiture statutes.

The Michigan Supreme Court granted the *Rafaeli* plaintiffs application for leave to appeal their Takings Clause claims under the United States and Michigan Constitutions, and for "retaining proceeds from the sale of tax foreclosed property

---

[1] This Court had dismissed the case with prejudice.

that exceeded the amount of the tax delinquency. . . ." 503 Mich. 909 (2018). That matter is currently pending in the Michigan Supreme Court.

As a result, this Court granted plaintiffs' motion to reopen the proceedings in *Wayside Church* because the Michigan Court Appeals decision makes it clear that there exists no "reasonable, certain and adequate remedy" to constitutional claims arising under the General Property Tax Act procedures. *Wayside Church v. Van Buren County*, 1:14-cv-1274 (W.D. Mich., Mar. 26, 2019). The Sixth Circuit did not have the benefit of the Michigan Court of Appeals decision when it remanded *Wayside Church* with instructions to dismiss that case. Based upon the current state of the law in Michigan, this Court concluded that "the Plaintiff's ought to have their constitutional claims decided on the merits" in this Court. (*Id.* at PageID.648.) That is equally true in this case.

Accordingly, Defendants State of Michigan Representative Lee Chatfield, prosecuting attorney Robert L. Stratton, Judge P. Lambros, Michigan Supreme Court Chief Justice Bridget Mary McCormack, and Justices Stephen J. Markman, Brian K. Zahra, David F. Vivian, Richard Bernstein, Elizabeth T. Clement, and Megan K. Cavanagh are dismissed based upon absolute immunity. In addition, Defendants Public Administrator James W. Robinson and Title-Check, LLC Attorney Lucas Middleton are dismissed for failure to state a claim upon which relief may be granted.

The complaint should be served on Defendants Chippewa County, Chippewa County Treasurer Marjorie Hank, and Title-Check, LLC principle Marty Spaulding.[2]

In Plaintiff's October 25, 2019 complaint, he requests that the Court stay the sale of the foreclosed property by November 1, 2019. Plaintiff requests immediate ex parte relief. No Defendants have been served at this time. Plaintiff has failed to explain why he waited to file this complaint just before the date of the foreclosure sale when he was aware of the foreclosure and impending property sale for months if not years before he chose to file a federal complaint. Further, the foreclosure occurred in 2017 and Plaintiff alleges that he unsuccessfully appealed the foreclosure decision to the Michigan Supreme Court. Federal Rule 65(a)(b)(1)(A) and (B) requires specific facts that clearly show immediate and irreparable injury and certification in writing the efforts taken to provide notice and the reasons it should not be required. Plaintiff has not satisfied those conditions. The date that the property is to be sold is not a matter of record in this case. Plaintiff failed to file a separate motion for injunctive relief or provide the Court with any factual or legal basis to stay the sale of the property. Therefore, that request is DENIED.

Dated: October 31, 2019                     /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge

---

[2] Plaintiff has named as Defendants Treasurer Marjorie Hank's staff. The Court cannot serve a complaint on individuals identified as "staff." Further, Plaintiff has failed to explain how these unidentified individuals violated his rights.