UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| THOMAS P. O'CONNOR,  )<br>            Plaintiff,  )<br>                     )<br>-v-                      )<br>                     )<br>CHIPPEWA COUNTY,  )<br>            Defendant.  )<br>_____) | No. 2:19-cv-218<br><br>Honorable Paul L. Maloney |

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Thomas O'Connor has filed an "immediate" motion for reconsideration (ECF No. 72) of this Court's opinion and order dated October 31, 2019 ("the October 31 Order") (ECF Nos. 6, 7). The October 31 Order was this Court's screening opinion of the *pro se* complaint, in which the Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), given that Plaintiff had been granted *in forma pauperis* status, to determine whether the action was frivolous or malicious, failed to state a claim upon which relief can be granted, or sought monetary relief against a defendant who is immune from such relief (*see* ECF No. 6 at PageID.158). Plaintiff originally sued all the Justices and Chief Justice of the Michigan Supreme Court, a Chippewa County Circuit Court Judge, multiple attorneys, a representative of the Michigan House, and a county public administrator, among others. Because these individuals were entitled to absolute immunity or Plaintiff failed to state a claim against them, the Court dismissed these individuals as defendants (*see id.* at PageID.164). This case has greatly evolved since then. Plaintiff obtained counsel who "cleaned up" the original complaint by filing an amended complaint, the case was stayed for a year and a half, and Plaintiff's counsel was given permission to withdraw as counsel. Now,

over three and a half years after the Court dismissed from this case the individuals mentioned above, Plaintiff has filed a *pro se* motion for reconsideration regarding their dismissal.

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). In this district, a motion for reconsideration may be granted when the moving party demonstrates a "palpable defect" by which the Court and parties have been misled and a showing that a different disposition of the case must result from the correction of the mistake. W.D. Mich. LCivR 7.4(a). Typically, "courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). The decision to grant or deny a motion for reconsideration is within the district court's discretion. *See Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 694, 681 (6th Cir. 2012) (citation omitted).

The 95-page motion for reconsideration, which is largely nonsensical, fails to meet this standard. From what the Court can discern, Plaintiff argues that the Justices and Judge mentioned above should not have been granted absolute judicial immunity because they were engaged in non-judicial actions. Nothing in Plaintiff's motion for reconsideration establishes that there is a "palpable defect" in the October 19 Order, which held that "[t]he state court judge and the Michigan Supreme Court Justices were acting judicially in making rulings on the foreclosure action and were acting within their jurisdiction in doing so" (ECF No. 6 at PageID.160). Plaintiff's motion for reconsideration also asserts that the taxes on his

2

foreclosed upon properties "had in fact been paid" (ECF No. 72 at PageID.1665), but his own amended complaint—the operative pleading—refutes such an assertion: "At the time the judgment of foreclosure was entered, the Tax Delinquency on both properties was approximately $6,300" (ECF No. 50 at PageID.1515). In short, Plaintiff's motion fails to establish any error, let alone a palpable defect, in the Court's October 19 Order.[1]

As a final note, Plaintiff also fails to recognize that this case is in a different place than it was when he filed his original complaint. His original complaint alleged a scheme of "collusion" among the originally named defendants to defraud property owners of their property for their own personal benefit and/or for the benefit of the municipalities in the State of Michigan (*see* ECF No. 1 at PageID.6). Plaintiff also sought to stay the sale of his foreclosed upon properties, which he failed to pay the taxes on. Plaintiff's properties have since been sold, and his case has evolved into an action arising out of *Rafaeli, LLC v. Oakland County*, 952 N.W.2d 434 (2020), to recover the surplus proceeds, as well as "just compensation" pursuant to the Fifth Amendment, from the sale of his properties. The operative pleading does not contain any allegations regarding collusion or fraud among members of the judiciary or the other individuals Plaintiff originally sued. Thus, Plaintiff's motion for reconsideration, which focuses on his original complaint, is procedurally improper.

Accordingly,

---

[1] The motion also suffers from numerous procedural defects, including that Plaintiff failed to file a separate certificate regarding concurrence, as required by W.D. Mich. LCivR 7.1(d), and it fails to contain the certificate regarding compliance regarding the word count of the motion, as required by W.D. Mich. LCivR 7.3(b)(ii). With regard to the word count, given the extensiveness of the motion, the Court is confident that it does not comply with Local Rule 7.3(b)'s word count.

3

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (ECF No. 72) is **DENIED**.

**IT IS SO ORDERED**.

Date: May 4, 2023 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge