# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THOMAS P. O'CONNOR, on behalf of himself and all those similarly situated, | Case No. 2:19-cv-218 |
| Plaintiff, | HON. PAUL L. MALONEY |
| v. | |
| COUNTY OF CHIPPEWA, | |
| Defendant. | |

| | |
|---|---|
| Thomas P. O'Connor | Allan C. Vander Laan (P33893) |
| In Pro Per | Cummings, McClorey, Davis & Acho |
| 66 Peninsula Dr. | Attorney for Defendant |
| Leonard, MI 48367 | 2851 Charlevoix Dr., S.E. - Suite 203 |
| (248) 974-8002 | Grand Rapids MI  49546 |
| Tom@2AlohaOmega.com | (616) 975-7470 |
| | avanderlaan@cmda-law.com |

---

## JOINT STATUS REPORT OF RULE 26(F) PLANNING MEETING AND DISCOVERY PLAN

A Rule 16 Scheduling Conference is scheduled for May 24, 2023 at 10:30 a.m., via Zoom before the Hon. Maarten Vermaat, United States Magistrate Judge. Appearing for the parties as counsel will be: The conference should be rescheduled for oral argument sometime to be determined once the Special Master review, judicial and Bar reviews and criminal investigations are complete.

In Pro Per Thomas O'Connor for Plaintiff and Attorney Allan Vander Laan for Defendant. Counsel for each of the parties have conferred pursuant to Fed. R. Civ. P. 26(f) and submit the following joint status report and discovery plan:

1. Jurisdiction:  The basis for the Court's jurisdiction is:
    - In Part Plaintiff's claim of a taking lots 49 & 50 by Condemnation through usurpation under the guise of foreclosure: First, Forth, Fifth & Fourteenth Amendment, Fraud, Judicial Misconduct, Perjury, Identity Theft, Racketeering... and Mistake. Immediate stay on any movement of lots 49 & 50 and return of Plaintiff[s] Properties, Demand for Federal Criminal Investigation. Reversal of Denied Immunities, Demand for the Application of a Special Master, Immediate Initiation of §1966. Expedition of actions, §1967. Review of Evidence, §1968 Civil investigative demand and joinder of collaborators still acting with impunity.
2. Jury or Non-Jury:  This case is to be tried before a jury.

3. Judicial Availability: The parties agree to have a United States Magistrate Judge conduct any and all further proceeding in this case leading up to and including the jury trial, and to order the entry of a final judgment once the jury has reached a decision or parties agree to a settlement prior to the scheduled court date. The parties presumable agree for the need of a Special Master review, judicial and Bar reviews of all originally named as well as current members litigating and criminal investigations to be complete.

4. Geographic Transfer: A transfer of the case is not warranted in this case.

5. Statement of the Case: This case involves:
   - Plaintiff:
     - Condemnation through usurpation under the guise of foreclosure: First, Forth, Fifth & Fourteenth Amendment, Fraud, Judicial Misconduct, Perjury, Identity Theft, Racketeering... and Mistake.  Immediate stay on any movement of lots 49 & 50 and return of Plaintiff[s] Properties, Demand for Federal Criminal Investigation. Denying Immunities, demand for the Application of a Special Master, Immediate Initiation of §1966. Expedition of actions, §1967. Review of Evidence, §1968 Civil investigative demand  and enjoining collaborators still acting with impunity.

   - Defendant:
     Defendant's statement of the case is as set forth in its motion for summary judgment, excluding the arguments rendered moot by Judge Maloney's Order dated April 28, 2023. (ECF No.70).

Further, Plaintiff's foreclosed property was sold at auction on August 3, 2021 while under the review of this Federal Court. Which must be reversed since the taxes were paid in full as instructed and criminal activities led to the usurpation and sale. Unlike "surplus proceeds" as calculated in accordance with the Michigan Supreme Court's decision in Rafaeli, LLC v. Oakland County, 505 Mich. 429 (2020). The State of Michigan further illegally enacted a mechanism to claim surplus proceeds, which was not required since the sale was not conducted under the gause of legal allowence and such surplus proceeds as defined in MCL 211.78t, are moot if any one of the plaintiff's claims are proven.

Through the proof of payment and evidence in support of each of the plaintiff's claims, Plaintiff must recover more than "surplus proceeds" under his federal claim including return of property, restitution to original geography and damages to be determed.

Whether Plaintiff can demand fair market value for his property is an issue that will be decided in Freed v. Thomas, 6th Cir. Docket Nos. 21-1248/21-1288/21-1339. Although, the case should be scheduled for oral argument sometime to be determined, once the special master review, judicial and Bar reviews and criminal investigations are complete this will over ride the decision. In such the Plaintiff holds all physical Governmental evedence of each claim, recipt of payment as witnessed and instructed, error in updating

recovered addresses as witnessed, along with the continued allowance of the identity theft. Thus the true value including the development of the "erg project" and conjoing lot's depreciation vs the value of the 5 conjoiningh lots makes this differential moot.

6. Pendent State Claims: This case does appear to include pendant state claims, ancillary jurisdiction, pendent jurisdiction, or pendent claim jurisdiction, in the claim that would not otherwise be subject to federal court jurisdiction arises from the same set of facts as a claim that is subject to federal court jurisdiction. Identified to the Court as: Fraud, Judicial Misconduct, Perjury, Identity Theft, Racketeering, Mistake, Condemnation in violation of the Michigan Constitution; violation of procedural due process; unjust enrichment; and a claim for all reliefs of damages: compensatory, incidental, consequential, nominal, liquidated, and punitive. unlike Rafaeli the plaintiff had paid all taxes in full as intructed.

7. Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings to be determined once the Special Master review, Judicial/Bar reviews and criminal investigations are complete. Under Rule 20. Permissive Joinder of Parties:(a) Plaintiff's demand for all originally named defendants must be Joined and absolute immunity disallowed.

   (1) Plaintiffs. Persons may join in one action as plaintiffs if:

   (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

   (B) any question of law or fact common to all plaintiffs will arise in the action.

   (2) Defendants. Persons may join in one action as defendants if

   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

   (B) any question of law or fact common to all defendants will arise in the action.

8. Disclosures and Exchanges:
   i. Fed.R. Civ.P. 26(a)(1) requires initial disclosures, including any lay witness identification, unless the court orders otherwise. Any party objecting to Rule 26(a)(1) disclosures must set forth below in detail the nature and reasons for the objection. If one or more party objects, no initial disclosure shall be required until the court resolves the objection at the Rule 16 conference. In the absence of an objection, initial disclosures will be required of all parties. (Set forth below a proposed schedule for initial disclosures.)
   ii. The plaintiff expects to be able to furnish the names of the plaintiff's known lay witnesses to the defendant by June 23, 2023. The defendant expects to be able to furnish the names of the defendant's known lay witnesses to the

                plaintiff by June 23, 2023 or when the Special Master review, judicial and Bar reviews of all originally named as well as current members litigating and criminal investigations to be complete.

       iii.    The plaintiff expects to be able to furnish the names of plaintiff's expert witness by July 24, 2023. or when Special Master review, judicial and Bar reviews of all originally named as well as current members litigating and criminal investigations to be complete. Defendant expects to be able to furnish the names of defendant's expert witnesses by August 22, 2023 or when Special Master review, judicial and Bar reviews of all originally named as well as current members litigating and criminal investigations to be complete.

       iv.    It would be advisable in this case to exchange written expert witness reports as contemplated by Fed.R.Civ.P.26(a)(2). Reports, if required, should be exchanged according to the following schedule: From plaintiff to defendant by September 5, 2023 or when Special Master review, judicial and Bar reviews of all originally named as well as current members litigating and criminal investigations to be complete. From defendant to plaintiff by September 20, 2023.

       v.    The parties have agreed to make available the following documents without the need of a formal request for production: The parties are unable to agree on voluntary production of documents at this time.

9.    Discovery: The parties believe that all discovery proceedings can be completed by October 20, 2023 or when Special Master review, judicial and Bar reviews of all originally named as well as current members litigating and criminal investigations to be complete..
The parties recommend the following discovery plan:
The parties do not believe discovery should be conducted in phases. Unless warented by or when Special Master review, judicial and Bar reviews of all originally named as well as current members litigating and criminal investigations to be complete.
Rule 2.306 - Depositions on Oral Examination of a Party and Presumptive limitations for deposition duration and number of Interrogatories are guided by 2.306 unless both parties agree to deviate.

10.    Disclosure or Discovery of Electronically Stored Information: The parties have discussed the production of electronically stored information. The parties agree to follow and/or abide by the Federal Rules of Civil Procedure and/or the Local Rules relative to discovery of electronically stored information. No additional or special procedures are requested at this time. Other than production of hard copies of patentable designs

11.    Assertion of Claims of Privilege or Work-Product Immunity After Production:
(1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be

considered together.(b) Inadvertent Disclosure. When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:

>   (1) the disclosure is inadvertent;
>
>   (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
>   (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26 (b)(5)

(c) Disclosure Made in a State Proceeding. When the disclosure is made in a state proceeding and is not the subject of a state-court order concerning waiver, the disclosure does not operate as a waiver in a federal proceeding if the disclosure:

>   (1) would not be a waiver under this rule if it had been made in a federal proceeding; or
>
>   (2) is not a waiver under the law of the state where the disclosure occurred.

(d) Controlling Effect of a Court Order. A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding.

(e) Controlling Effect of a Party Agreement. An agreement on the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order.

(f) Controlling Effect of this Rule. Not withstanding Rules 101 and 1101, this rule applies to state proceedings and to federal court-annexed and federal court-mandated arbitration proceedings, in the circumstances set out in the rule. And notwithstanding Rule 501, this rule applies even if state law provides the rule of decision.

(g) Definitions. In this rule:

>   (1) "attorney-client privilege" means the protection that applicable law provides for confidential attorney-client communications; and
>
>   (2) "work-product protection" means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial.

Whenever a party objects to production of discovery materials or information based on a claim of privilege or work product immunity, a privilege log will be provided with the responses.

12. Motions: LCivR 7.1 (a-f) Both parties agree Motions in general will be adheared to under all subdivision as authored and thus need not be defined line by line.
The parties anticipate that all dispositive motions will be filed by November 20, 2023 or when Special Master review, judicial and Bar reviews of all originally named as well as current members litigating and criminal investigations to be complete.

13  Alternative Dispute Resolution: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:
- Plaintiff does not recommend that this matter be submitted to alternative dispute resolution unless it is with the Magistrate Judge or as guided by Special Master review, judicial and Bar reviews of all originally named as well as current members litigating and criminal investigations to be complete.
- Defendant does not recommend that this matter be submitted to alternative dispute resolution unless it is with the Magistrate Judge.

14. Length of Trial: Counsel estimates the trial will last approximately 2 days total, allocated as follows: 1 day for Plaintiff's case and 1 day for Defendant's case. Pro Se Plaintiff estimates the trial length will be based on Special Master review, judicial and Bar reviews of all originally named as well as current members litigating and criminal investigations to be complete.

15. Prospects of Settlement: The status of settlement negotiations is:
- Settlement has not been discussed. This is because of the criminal nature and need for Special Master review, judicial and Bar reviews of all originally named as well as current members litigating and criminal investigations to be complete.

16. Electronic Document Filing System: Counsel for all parties acknowledge that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Although Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules.

It is predicted that both parties due to the extreme quantities of evidence should follow the guidlines to lower pollution and treat both parties with the same candor allowing all documentation to be electronically filed and served through the CM/EF system.

17. Other: Not Applicable.

18. This is not a Employee Retirement Income Security Act of 1974 (ERISA) ERISA denial of benefits cases: therefore Not Applicable.

(It is not a molestation, rape, sale of nuclear weapons case or any of a 1000 other's) Thus I am confused why it is listed and should be removed as moot.

Respectfully submitted:
**Each and all statements presented are factual with the best of our knowledge:**

/s/_____  /s/_____
Thomas P O'Connor                    Allan C. Vander Laan (P33893)
Plaintiff, In Pro Per                Cummings, McClorey, Davis & Acho
                                     Attorney for Defendant

Dated: May 19, 2023